UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No.  18-20496

vs.

                              HON.  GEORGE CARAM STEEH

PRICE ALBERT-JUNIOR THOMPSON,

        Defendant.
_____/

ORDER DISMISSING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF No. 32]

     Defendant Price Albert-Junior Thompson moves the Court for compassionate release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A), due to dangers posed by COVID-19.  For the reasons set forth below, Defendant's motion is DISMISSED without prejudice.

I.     Factual Background

     Defendant Price Albert-Junior Thompson pled guilty to being a felon in possession of firearms and to possessing firearms in furtherance of a drug trafficking offense.  On March 10, 2020, this Court sentenced Defendant to 96 months' imprisonment.  Defendant has been incarcerated for approximately 20 months and is currently housed at FCI Milan.

     In his motion for compassionate release, Defendant asserts he is 49

years old and has medical conditions which place him at a greater risk of contracting and suffering the most severe consequences of COVID-19. Specifically, Defendant describes having high cholesterol, high blood pressure, and chronic asthma.  Defendant asserts that these medical conditions taken in the aggregate, along with his status as a prisoner, put him at high risk of falling ill with COVID-19 and having serious medical complications or death if he is infected.

In a supplemental pleading [ECF No. 35], Defendant further informs the Court that he has been unsuccessful in obtaining his medical records and that he, as well as all of the inmates at FCI Milan, have been on 24-hour lockdown since June 2, 2020.  The reason for the lockdown was allegedly explained by the Warden as an effort to maintain safety and security in the face of national, "violently charged demonstrations."

II.     Legal Standard

This Court's authority to grant Defendant's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request

before seeking compassionate release on their own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment. To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1, and he must "not [be] a danger to the safety of any other person or to the community," USSG § 1B1.13(2).

Before granting a motion for compassionate release, the Court must review the § 3553(a) factors to the extent that they are applicable and determine whether they support or undermine the sentence reduction.

III. Analysis

    A. Exhaustion of Administrative Remedies

Until recently, only the BOP could move for compassionate release. The First Step Act of 2018 amended the statute, permitting defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). The provision permitting a defendant-initiated motion includes an exhaustion requirement. *Id.* If a defendant moves for compassionate release, the

- 3 -

district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting 30 days from when the warden at the facility received the request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that the compassionate release exhaustion requirement, while not jurisdictional, is "a mandatory condition." *United States v. Alam*, --- F.3d ---, 2020 WL 2845694, at *2-3 (6th Cir. 2020). The Sixth Circuit noted the "good reason" for exhaustion: "to implement an orderly system for reviewing compassionate-release applications, not one that incentivizes line jumping." *Id.* In *Alam*, where the defendant "waited just 10 days after the warden's receipt of his request to file his motion in federal court, not the required 30 days," the Sixth Circuit concluded that it should "dismiss [the motion] without prejudice," rather than "[sitting] on untimely motions until the 30-day window ran its course." *Id.* at *3, *6.

The government proffers that the Bureau of Prisons ("BOP") has no record of a request from Defendant for compassionate release. While Defendant asks the Court to forego the requirement, there are no "equitable carveouts," even based on the COVID 19 pandemic. *Id.* at *4-*5. There is an undeniable value in having the BOP make the initial review before an

inmate is released.  The BOP is already responding to the pandemic—not just through heightened safety measures, but by evaluating its entire prison population for home confinement.  By requiring a defendant to exhaust, § 3582(c)(1)(A) gives the BOP the opportunity to gather an inmate's medical documentation and other records, evaluate the request, and decide in the first instance whether it justifies seeking compassionate release or pursuing some other form of relief.  The Sixth Circuit has held that § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claims-processing rule.  As such, the exhaustion requirement is not waivable and Defendant's motion must be dismissed without prejudice.  Accordingly,

    IT IS HEREBY ORDERED that Defendant's motion for compassionate release is DISMISSED without prejudice.

Dated:  June 24, 2020

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 24, 2020, by electronic and/or ordinary mail and also on Price Albert Thompson #56850-039, FCI Milan, Federal Correctional Institution, P.O. Box 1000, Milan, MI  48160.

s/Brianna Sauve
Deputy Clerk