UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,              Criminal No. 18-20496

   vs.                                HON. GEORGE CARAM STEEH

PRICE ALBERT-JUNIOR THOMPSON,

              Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET
ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
[DOC. 29] AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Defendant Price Albert-Junior Thompson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on May 15, 2020. Defendant pleaded guilty to being a felon in possession of firearms, and to possessing firearms in furtherance of a drug trafficking offense. He did so after officers found loaded firearms hidden in his basement ceiling, adjacent to another part of the basement ceiling where the Defendant hid a stash of cocaine and ecstasy pills. At his plea hearing, Thompson admitted that he possessed those drugs in order to sell them, and that he possessed the firearms to protect his drug dealing activities. He now claims his attorneys were ineffective for

advising him to accept the government's plea offer.  His claim is based on his belief that there was insufficient evidence to convict him of possessing firearms in furtherance of a drug trafficking offense.

The following description of the evidence comes from the government's brief and is taken from the Presentence Report prepared for sentencing:

> Thompson was released on parole in October 2017, following a prison term for assault with a dangerous weapon, felony firearm, and malicious destruction of police/fire property. (PSR ¶ 33). In April 2018, agents from the Michigan Department of Corrections and Michigan State Police officers conducted a parole compliance check at Thompson's home. (PSR ¶ 10). Agents and officers approached the home and knocked and announced their presence. (Id.). Thompson's son tried to close the door on them, but they were able to enter. (Id.). As they entered, they saw Thompson coming upstairs from the basement. (Id.).
>
> During the initial protective sweep of the home, agents/officers observed narcotics paraphernalia and packaging materials in the basement (PSR ¶ 11), including pieces of aluminum foil with residue on them, clear plastic bags, latex gloves, and dust masks. Also in the basement, a canine alerted to the presence of narcotics near the upper part of a wall. (Id.). The agents/officers searched the small void between the East wall and the ceiling. (Id.). There they found two large plastic bags—one containing baggies of cocaine (approximately 72 grams) and one containing 75 MDMA (ecstasy) pills. (PSR ¶ 12).
>
> The agents/officers continued to search the ceiling and noticed that there was a similar void behind the south wall:
>
> [picture omitted]

> They shined their flashlights into the void and saw what appeared to be a pistol. An officer reached over the wall and seized the pistol and a backpack. (PSR ¶ 11). The backpack contained two more semiautomatic pistols:
>
> [picture omitted]
>
> All three firearms were loaded, one with a 30-round high-capacity magazine. (PSR ¶ 12). Two of the firearms had been reported stolen.(Id.). After being advised of his Miranda rights, Thompson signed a written statement saying: "I Price Thompson take full responsibility for the drugs found in the basement. The drugs found were ecstasy and cocaine."
>
> A grand jury charged Thompson with felon in possession of a firearm (count one), possession with intent to distribute a controlled substance (counts two and three), and possession of a firearm in furtherance of a drug trafficking crime (count four). Thompson pleaded guilty to counts one and four. At his plea hearing, Thompson was placed under oath by the deputy clerk. (R. 26: Tr., 98). Thompson stated that he was satisfied with the advice and assistance that he received from counsel. (Id. at 99). Thompson admitted that he possessed 72 grams of cocaine and 75 MDMA tablets and intended to sell those drugs. (Id. at 110–111). Thompson further admitted, under oath, that he had the three firearms in his home, had the opportunity to control the weapons, and kept them for "protection specifically for the drug dealing that was occurring there." (Id. at 112). The Court found that Thompson's plea was voluntary, knowledgeable, and accurate, and that the elements of the charge had been established by the defendant's testimony. (Id. at 114).

[ECF No. 36, PageID 163-166].

On March 11, 2020, the Court sentenced Defendant to 96 months, a downward variance from the guideline range of 117-131 months.

Ineffective assistance of counsel may be raised for the first time in a § 2255 proceeding. Ineffective assistance of counsel claims are subject to the "performance and prejudice" test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant must demonstrate that counsel's performance was so deficient that counsel was not functioning to the level guaranteed by the Sixth Amendment. Second, defendant must show that the deficient performance prejudiced the defense. *Id.* at 687. The Sixth Circuit and other courts reject ineffective assistance claims that rest upon conclusory, unsupported allegations of counsel's deficient performance. *See, Black v. United States*, 2014 WL 2894285, *3 (2014) (collecting cases).

Defendant claims his attorneys were ineffective in "failing to object to the defendant being charged under 18 U.S.C. § 924(c), and failing to advise him that there was insufficient evidence to support the charge." [ECF No. 29, Page ID 136]. Defendant's argument is that that the firearms he admitted to possessing did not have the requisite nexus to the drug trafficking activities, so a jury could not have found him guilty of possession of a firearm in furtherance of a drug crime. In support of this argument, Defendant cites to *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001), which held that for possession of a firearm to be in furtherance of a

drug crime, the firearm must be strategically located so that it is quickly and easily available for use.

A jury may consider the following factors in deciding whether the government has shown a specific nexus between the firearms possessed and the underlying crime for a § 924(c) violation: (1) whether the gun was loaded; (2) the type of weapon; (3) the legality of its possession; (4) the type of drug activity conducted; and (5) the time and circumstances under which the firearm was found. *United States v. Whyte*, 795 F. App'x 353, 362 (6th Cir. 2019), cert. denied, No. 19-7652, 2020 WL 1326069 (U.S. Mar. 23, 2020).

In this case, Defendant admitted the drugs were his after receiving *Miranda* warnings. The drugs were in quantities too large for personal use, so it's reasonable to conclude he was selling them out of his house. Though the drugs were hidden in a separate part of the ceiling from the firearms, they were still in the same room and the firearms were easily accessible. Furthermore, the East and South walls (above which the drugs and guns were found) were adjacent to each other. All three firearms were loaded, one with an extended 30-round magazine. Defendant does not dispute any of these facts. A firearm with an extended magazine is a threatening weapon that would intimidate anyone who tried

to steal from Defendant's drug stash. Law enforcement also found the firearms in the same search in which they found the cocaine, a circumstance that weighs in favor of conviction. *United States v. Clay*, 630 F. App'x 377, 389 (6th Cir. 2015). Because the relevant factors weigh in favor of conviction, Defendant was not likely to be acquitted on the § 924(c) charge.

Given the likelihood of conviction, and the strong presumption of reasonableness, Defendant has not proven that his counsel's conduct fell below an objective standard, let alone constituted "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Not only has Defendant failed to make out the required showing of deficient performance, he has likewise failed to show the prejudice required for a finding of ineffective assistance of counsel. In the context of a guilty plea, the prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's bare recitation that he would have proceeded to trial had he received different advice is not enough; rather, "to obtain relief on this type of claim, a [defendant] must convince the court

that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

By pleading guilty, Defendant secured a guideline range of 117–131 months, and he received a sentence below that range. Had he proceeded to trial, his guideline range would have been at least 138–157 months, but could have been even higher depending on whether additional enhancements applied. The government also agreed to recommend a sentence at the bottom of the guideline range, and that the sentence would effectively be capped at the top of the guidelines. Had he been convicted at trial, the government could have asked for a sentence above the guideline range, and the Court could have granted that request. In sum, the advice Defendant received and the decision he made was rational.

The Court finds that Defendant has not satisfied either of the *Strickland* prongs – deficient performance or prejudice. Therefore, Defendant's motion for relief under § 2255 is hereby DENIED. Before defendant may appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Defendant has made no such showing. Accordingly, a

certificate of appealability is also hereby DENIED. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS HEREBY FURTHER ORDERED that a certificate of appealability is DENIED.

Dated: June 26, 2020

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 26, 2020, by electronic and/or ordinary mail and also on Price Albert Thompson #56850-039, FCI Milan, Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160.

s/Brianna Sauve
Deputy Clerk