UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 18-20496

HON. GEORGE CARAM STEEH

PRICE ALBERT-JUNIOR THOMPSON,

    Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF No. 44]

Defendant Price Albert-Junior Thompson moves the Court for compassionate release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A), due to dangers posed by COVID-19 (ECF No. 44). The Court dismissed defendant's previous motion without prejudice for failure to exhaust his administrative remedies (ECF No. 38). Defendant has now exhausted his administrative remedies and the Court considers the other statutory criteria for granting compassionate release. For the reasons set forth below, Defendant's motion is DENIED.

I.    Factual Background

Defendant Price Albert-Junior Thompson pled guilty to felon in possession of firearms and possession of firearms in furtherance of a drug

trafficking offense. On March 10, 2020, this Court sentenced defendant to 96 months' imprisonment. Defendant has been incarcerated for approximately 20 months and is currently housed at FCI Milan.

In his motion for compassionate release, defendant asserts he is 49 years old and has medical conditions which place him at a greater risk of contracting and suffering the most severe consequences of COVID-19. Specifically, defendant describes suffering from hypertension and chronic asthma as well as being obese. Defendant asserts that these medical conditions taken in the aggregate, along with his status as a prisoner, put him at high risk of falling ill with COVID-19 and having serious medical complications or death if he is infected.

II.     Legal Standard

This Court's authority to grant defendant's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking compassionate release on their own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is

consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment.  To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1, and he must "not [be] a danger to the safety of any other person or to the community," USSG § 1B1.13(2).

Before granting a motion for compassionate release, the Court must review the § 3553(a) factors to the extent that they are applicable and determine whether they support or undermine the sentence reduction.

III.   Analysis

   A. USSG § 1B1.13 Mandatory Criteria

Defendant's medical conditions include hypertension, asthma and obesity.  Defendant is prescribed medication for hypertension, which is a condition identified by the CDC as *possibly* increasing risk from COVID-19. Moderate-to-severe asthma is also listed as a factor that may increase risk,

and defendant's medical records indicate that he is prescribed an inhaler for his asthma. The severity of his asthma is not clear from the records produced. Defendant's BMI is over 30, and obesity is another recognized risk factor for COVID-19. The combination of defendant's medical conditions potentially satisfies the requirements for release in USSG § 1B1.13 cmt. n.1.

However, § 1B1.13(2) only permits release if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Although a court must also evaluate the defendant's dangerousness when balancing the § 3553(a) factors, dangerousness alone is a bar to release under USSG § 1B1.13(2). *See United States v. Knight*, No. 15-20283, 2020 WL 3055987, at *3 (E.D. Mich. June 9, 2020); *United States v. Oliver*, No. 2:17-cr-20489, 2020 WL 2768852, at *7 (E.D. Mich. May 28, 2020).

Defendant sold both cocaine and ecstasy while on parole and kept loaded firearms to protect those drugs. He also has a violent criminal history that includes convictions for assault with intent to murder and assault with a dangerous weapon. (PSR ¶ 32). These facts demonstrate that defendant poses a danger to the community. *See generally United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (noting that the court

"routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence"). *Knight*, 2020 WL 3055987, at *3.

B. <u>18 U.S.C. § 3553(a) Factors</u>

Even if the Court determined that defendant was eligible for compassionate release, before ordering relief the Court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine that release is appropriate. Here, the nature and circumstances of the offenses are serious. Second, defendant's history and characteristics include violence. Third, he has not been deterred by past sentences or parole/probation conditions. Fourth, he was just sentenced in March and has the bulk of his sentence left to serve. The § 3553(a) factors weigh against defendant's request for compassionate release. The Court finds that defendant Thompson is not an appropriate candidate for the extraordinary remedy of compassionate release. Accordingly,

IT IS HEREBY ORDERED that defendant's motion for compassionate release is DENIED.

Dated: September 9, 2020

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

---

- 6 -

> **CERTIFICATE OF SERVICE**
>
> Copies of this Order were served upon attorneys of record on September 9, 2020, by electronic and/or ordinary mail and also on Price Albert Thompson #56850-039, FCI Milan, Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160.
>
> s/Brianna Sauve
> Deputy Clerk